**F.C. WARE, Plaintiff–Appellee and Cross–Appellant,**

v.

**Herman McCUTCHEN, William Kerksiek, George McClellan, Eugene Kleinknecht, and Intermountain Rural Electric Association, a Colorado corporation, Defendants–Appellants and Cross–Appellees.**

No. 87CA0584.

Colorado Court of Appeals,
Div. II.

Oct. 19, 1989.

Rehearing Denied Nov. 13, 1989.

Bennett and Hollaway, John F. Bennett, Colorado Springs, for plaintiff-appellee and cross-appellant.

Sampson & Associates, Carolyn L. Sampson, Golden, for defendants-appellants Herman McCutchen, William Kerksiek, George McClellan and Eugene Kleinknecht.

Banta, Hoyt, Banta, Greene, Hannen & Everall, Richard D. Greene, Englewood, Sherman & Howard and Edward A. Gleason, Colorado Springs, for defendant-appellant Intermountain Rural Electric Ass'n.

Opinion by Judge SMITH.

Defendants, Intermountain Rural Electric Association (IREA) and four of its directors, initiated this appeal to challenge a summary judgment in favor of various individuals and their group known as Concerned Members of Intermountain Electric Association, (Concerned Members) on IREA's counterclaim for abuse of process. During this appeal, all matters in dispute were settled except as to one plaintiff, F.C. Ware. Ware cross-appeals the trial court order granting in part IREA's motion to strike and its order finding that this lawsuit was filed for an improper purpose. We affirm.

On June 25, 1984, plaintiffs brought an action pursuant to C.R.C.P. 106 to compel IREA to hold a recall election of four IREA directors. Information regarding the complaint was released to several newspapers, prompting IREA to counterclaim that the activities of plaintiffs constituted an abuse of process and libel per se.

In February 1985, plaintiffs moved for summary judgment on IREA's counterclaims relying on the standard set forth in *Protect Our Mountain Environment, Inc. v. District Court,* 677 P.2d 1361 (Colo. 1984). In *Protect Our Mountain Environment,* plaintiffs, in a C.R.C.P. 106 proceeding, sought dismissal of an abuse of process action brought against them because of their activities in pursuing the C.R.C.P. 106 action.

Our Supreme Court adopted a three-part test to determine whether plaintiffs' activities were protected by the First Amendment.

On May 10, 1985, the trial court denied plaintiffs' motion for summary judgment without entering any findings of fact. Subsequently, in an original proceeding, our supreme court in *Concerned Members of Intermountain Rural Electric Ass'n v. District Court,* 713 P.2d 923 (Colo.1986) ruled that the trial court must reconsider the motion for summary judgment in accordance with the test set out in *Protect Our Mountain Environment.*

Upon remand, after ordering discovery and considering the summary judgment record and hearing argument, the trial court made the following findings with regard to IREA's counterclaim for abuse of process: (1) Concerned Members' claims were factually supportable and had a cognizable basis in law; (2) one of the purposes that Concerned Members was furthering in the case was harassment; and (3) Concerned Members petitioning activities had the capacity to have an adverse effect on the legal interests of IREA. Finding that the first element of the Protect Our Mountain Environment test was not present, the trial court granted summary judgment for Concerned Members on IREA's abuse of process counterclaim. Summary judgment was also granted on IREA's second coun-

terclaim for libel per se. IREA appeals the summary judgment granted on its abuse of process counterclaim.

## I.

IREA contends that the trial court erroneously interpreted and applied the applicable test of *Protect Our Mountain Environment.* We disagree.

IREA asserts that the trial court improperly concluded that because some portion of plaintiffs' pleading set forth a factually supportable claim, that complaint was constitutionally protected even if the plaintiffs' purpose was improper. Such an interpretation, IREA argues, fails to recognize: (1) The substance of IREA's abuse of process counterclaim is plaintiffs' calculated misuse of the lawsuit to make public scandalous, unfounded charges against IREA; (2) IREA's own constitutional right of access to the courts for redress of grievances; and (3) the trial court's own finding that plaintiffs' purpose in pursuing the litigation was harassment.

IREA's argument is without merit. The applicable test is clear and unambiguous. It places the burden on IREA, as the party asserting an abuse of process claim, to make a sufficient showing to allow the trial court to conclude that the *litigation* is not immunized from liability under the First Amendment because *all* of the following exist: (1) The petitioning activities are devoid of factual support or if supportable in fact, have no cognizable basis in law; (2) the primary purpose of the petitioning activities is to harass the other party or to effectuate some other improper objective; and (3) these petitioning activities have the capacity to have an adverse affect on the legal interests of the other party. *Concerned Members of Intermountain Rural Electric Ass'n v. District Court, supra.* It is within this framework, rather than the more narrow analysis urged by IREA, that the trial court is to consider the evidence presented by the parties at the summary judgment hearing.

Here, the record discloses that the trial court properly considered which party carried the burden of proof and the entirety of the lawsuit. Moreover, there is sufficient evidence to support the trial court's conclusion that the lawsuit was supportable in fact and law.

Over 40 news articles, predating the drafting and filing of the complaint were submitted at the summary judgment hearing to support the allegations set forth in the complaint. Furthermore, the allegation that IREA's directors refused, in violation of IREA by-laws, to hold a special meeting or recall vote after members submitted the requisite number of signed recall petitions, was uncontested. Finally, the relief requested in the complaint, that IREA's by-laws be enforced and that the directors' conduct be judicially reviewed, involves legitimate, enforceable rights, a conclusion which even IREA does not dispute. Thus, the complaint states a legal claim upon which relief can be granted, and hence, the filing of the lawsuit was protected activity under the First Amendment.

The trial court's finding that one of the purposes of the petitioning activity was harassment lends no support to IREA's argument. A finding of improper purpose is not dispositive. To the contrary, IREA was required to make a sufficient showing as to all three elements of the standard. This, as discussed, IREA was unable to do.

Accordingly, we hold that the trial court was correct in granting the motion for summary judgment.

## II.

Plaintiff Ware cross-appeals the trial court's order striking a number of paragraphs from his complaint and the order finding that one of the purposes of his activities was harassment. We conclude it is unnecessary for us to address either of these issues based on our disposition of IREA's appeal.

The judgment is affirmed.

PLANK and HUME, JJ., concur.