Kenneth E. YADON, Natalie Yadon, and the Natalie Yadon Living Trust, Plaintiffs–Counterdefendants–Appellants,

**and**

Linus L. Baker, Third–Party Plaintiff and Third–Party Defendant–Appellant,

**v.**

Michael R. LOWRY, a/k/a Mike Lowry; Lowry Ranches, LLC;  South River Real Estate, Inc.;  Fred Lowry;  Lowry Contracting, Inc.;  and Unknown Drivers, Defendants–Counterclaimants–Appellees,

**and**

Pete CORDOVA, Third–Party Defendant–Appellee.

No. 04CA1681.

Colorado Court of Appeals, Div. II.

Nov. 17, 2005.

**334**

Kenneth E. Yadon and Natalie Yadon, Pro Se.

Kenneth E. Yadon and Natalie Yadon for Plaintiff–Counterdefendant–Appellant Natalie Yadon Living Trust.

Linus L. Baker, Pro Se.

J. Terry Wiggins, LLC, J. Terry Wiggins, Salida, Colorado, for Defendants–Counterclaimants–Appellees.

Law Office of M. Stuart Anderson, PC, M. Stuart Anderson, Salida, Colorado, for Third–Party Defendant–Appellee.

DAILEY, J.

In this tort action, plaintiffs-counterdefendants, Kenneth E. Yadon, Natalie Yadon, and the Natalie Yadon Living Trust (collectively, the Yadons), and third-party-plaintiff and third-party defendant, Linus L. Baker, appeal various orders entered in favor of defendants-counterclaimants, Michael R. Lowry, Lowry Ranches, LLC, South River Real Estate, Inc., Fred Lowry, Lowry Contracting, Inc., and Unknown Drivers (collectively, the Lowrys), and third-party defendant, Pete Cordova. We dismiss the appeal in part, affirm the judgment, and remand for further proceedings.

Baker, an attorney licensed to practice law in Missouri and Kansas, helped the Yadons draft two, overlapping lawsuits against the Lowrys; Baker never entered an appearance on behalf of the Yadons, however. Cordova represented the Lowrys in the lawsuits.

In the first lawsuit, Kenneth E. Yadon brought claims of civil theft, conversion, trespass, civil conspiracy, and unjust enrichment against the Lowrys, alleging that they had trespassed upon his property and removed $250,000 worth of boulders from it. The trial court determined, however, that Kenneth Yadon had described the wrong parcel of property in his "petition" and that, with respect to the right parcel of property, it was owned not by Yadon but by the Natalie Yadon Living Trust. Consequently, on motion for summary judgment, the trial court dismissed the action because of Kenneth Yadon's lack of standing to pursue it. (The Yadons appeal of this determination was dismissed as untimely, and is not before us.)

In the second lawsuit—the subject of this appeal—the Yadons refiled a substantially identical "petition" against the Lowrys. The only difference between the two petitions was that this time Natalie Yadon and the Natalie Yadon Living Trust were identified as having ownership interests in the parcel of property from which the boulders were allegedly taken.

In their answer, the Lowrys denied the Yadons' allegations and asserted a variety of affirmative defenses. In addition, they alleged counterclaims against the Yadons for malicious prosecution and civil conspiracy and third-party claims against Baker of negligence per se arising from unauthorized practice of law in violation of § 12–5–101, C.R.S.2005, civil conspiracy, and "tortious embroilment" in a lawsuit. In response, the Yadons and Baker alleged a claim for abuse of process against the Lowrys and Cordova for asserting the counterclaims and third-party claims.

The parties filed cross-motions to dismiss, and the trial court dismissed the abuse of process claim brought by the Yadons and Baker against the Lowrys and Cordova. It also awarded Cordova $1067 in attorney fees and, under C.R.C.P. 54(b), certified that there was no just reason for delay in entering final judgment in his favor.

### I. Issues on Appeal

■ The Yadons and Baker appeal a variety of the trial court orders or determinations. They appeal the trial court's (1) refusal to require Cordova and his attorneys to show cause why they should not be sanctioned for disclosing, in connection with the Lowrys' negligence per se (unauthorized practice of law) counterclaim, confidential matters related to Colorado's attorney disci-

pline process; (2) refusal to rule that collateral estoppel bars some of the Lowrys' counterclaims as well as the Lowrys' attempt to recover in this lawsuit attorney fees incurred in connection with the first lawsuit; (3) dismissal of their abuse of process claim against the Lowrys and Cordova; and (4) award of attorney fees to Cordova.

We conclude that we lack jurisdiction to address most of these matters.

■■■ In *Pham v. State Farm Mutual Automobile Insurance Co.*, 70 P.3d 567 (Colo. App.2003), a division of this court noted:

> Generally, an entire case must be resolved by a final judgment before an appeal can be brought. A final judgment "ends the particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to completely determine the rights of the parties involved in the proceeding."
>
> However, C.R.C.P. 54(b) creates an exception to the general requirement that an entire case be resolved by a final judgment before an appeal is brought.

*Pham, supra,* 70 P.3d at 571 (citations omitted; quoting *D.H. v. People,* 192 Colo. 542, 544, 561 P.2d 5, 6 (1977)).

> C.R.C.P. 54(b) provides, in pertinent part: [W]hen multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the ... parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Here, the trial court certified as final under C.R.C.P. 54(b) only that part of the case dismissing the action against Cordova and awarding him attorney fees. A motions division of this court previously determined, and we agree, that the trial court's C.R.C.P. 54(b) certification was proper. Consequently, we conclude that we have jurisdiction to review only those rulings. Accordingly, we dismiss the appeal with respect to all other issues.

## II. Dismissal of Abuse of Process Claim Against Cordova

The Yadons and Baker contend that the trial court erred, in two respects, in dismissing their abuse of process claim against Cordova. First, they assert that the court improperly relied upon matters outside the complaint in granting Cordova's C.R.C.P. 12(b)(5) motion to dismiss for failure to state a claim upon which relief could be granted. Second, they assert that the trial court erred in assessing the viability of their claim. We reject both assertions, addressing them in turn.

### A. Resolution of C.R.C.P. 12(b)(5) Motions

■■■ In dismissing the Yadons' and Baker's abuse of process claim, the trial court noted that the Yadons and Baker had not disputed "the facts alleged by Cordova [in his motion to dismiss], specifically [the contents of the order ending the first lawsuit]," and accordingly, the court found that there was "no factual dispute."

As a threshold matter, we reject the Yadons' and Baker's interpretation of the court's comment about there being "no factual dispute" as indicating that it treated Cordova's motion to dismiss as a motion for summary judgment. We construe the court's comment to mean only that the Yadons and Baker had not disputed the authenticity of the court order on which Cordova relied.

The Yadons and Baker nonetheless assert that, by considering the court's order from the first lawsuit, a copy of which had not been attached to or incorporated by reference into their complaint, the trial court improperly considered matters outside the pleadings and, without giving them notice or a reasonable opportunity to respond, converted Cordova's motion to dismiss into a motion for summary judgment. We are not persuaded.

■■■ In analyzing a C.R.C.P. 12(b)(5) motion to dismiss for failure to state a claim upon which relief can be granted, a court considers only those matters stated in the complaint, accepting them as true and viewing them in the light most favorable to the plaintiff. *See Coors Brewing Co. v. Floyd,* 978 P.2d 663, 665 (Colo.1999).

If, on a C.R.C.P. 12(b)(5) motion,

matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

C.R.C.P. 12(b).

Colorado courts have not addressed the issue whether, in ruling on a C.R.C.P. 12(b)(5) motion to dismiss, a court is permitted to consider a document that was referred to in, but not attached to, the complaint without converting the motion to dismiss into a motion for summary judgment. However, federal courts have addressed this issue under Fed.R.Civ.P. 12(b)(6), a rule that is identical to C.R.C.P. 12(b)(5), and we may look to them for guidance. *See Trinity Broad. of Denver, Inc. v. City of Westminster,* 848 P.2d 916, 924 (Colo.1993).

The federal authorities recognize:

A document that is referred to in the complaint, even though not formally incorporated by reference or attached to the complaint, is not considered a "matter outside the pleading." Thus, if a document is referred to in the complaint and is central to the plaintiff's claim, the defendant may submit an authentic copy to the court to be considered on a motion to dismiss, and the court's consideration of the document does not require conversion of the motion to one for summary judgment.

James Wm. Moore et al., *Moore's Federal Practice* § 56.30[4], at 56–225 & –226 (3d ed.2005)(citing authority from eight circuit courts of appeals).

The reason for the rule is obvious: "If the rule were otherwise, a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff relied." *GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1385 (10th Cir.1997); *see also Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47–48 (2d Cir.1991)(because plaintiff had notice of documents he relied upon in drafting complaint, court could consider them in ruling on motion to dismiss).

Here, in alleging their abuse of process claim, the Yadons and Baker referred to and relied upon the order entered by the court in the first lawsuit. A copy of that order was attached to the Lowrys' amended answer, and the Yadons and Baker never disputed its authenticity. We conclude that the trial court properly considered the contents of that order in assessing Cordova's motion to dismiss, and that, in so doing, the court did not convert the motion to dismiss into a motion for summary judgment.

### B. Merits Analysis

■ Yadons and Baker next assert that the trial court erred in dismissing their abuse of process claim. We disagree.

■ Motions to dismiss are looked on with disfavor and should not be granted unless it appears beyond doubt that the plaintiffs could prove no set of facts that would entitle them to relief. We review the trial court's ruling de novo. *Sweeney v. United Artists Theater Circuit, Inc.,* 119 P.3d 538, 539 (Colo.App.2005).

Here, the trial court dismissed the abuse of process claim, reasoning that the order in the first lawsuit provided factual and legal support for the counterclaims and third-party claims filed by the Lowrys against the Yadons and Baker. Those counterclaims and third-party claims were for malicious prosecution, civil conspiracy, negligence per se, and "tortious embroilment" in a lawsuit.

In the first lawsuit, the trial court rejected the Lowrys' contention that Kenneth Yadon and Baker had acted in bad faith or in a substantially frivolous, groundless, or vexatious manner. However, the court found that Kenneth Yadon and Baker knew or should have known that Yadon did not own the property from which the Lowrys had allegedly taken the boulders.

The Yadons and Baker argue that the trial court's refusal in the first lawsuit to find bad faith or frivolous, groundless, or vexatious acts refuted the counterclaims and third-party claims as a matter of law and supported their claim that Cordova committed abuse of process by filing those claims. We are not persuaded.

The Yadons and Baker have cited no authority, and we have found none, for the proposition that bad faith or frivolous, groundless, or vexatious conduct is an essential element of any of the claims filed by the Lowrys. *See Scott v. Matlack, Inc.*, 39 P.3d 1160, 1166 (Colo.2002)(negligence per se occurs when a defendant violates a statute adopted for the public's safety and the violation causes the plaintiff's injury); *Nelson v. Elway*, 908 P.2d 102, 106 (Colo.1995)(elements of civil conspiracy claim are: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) an unlawful overt act; and (5) damages as to the proximate result"); *Elijah v. Fender*, 674 P.2d 946, 951 (Colo.1984)(recognizing right to recover litigation expenses as damages for a wrongful act when its natural and probable consequence has been to involve plaintiff in litigation with others); *Montgomery Ward & Co. v. Pherson*, 129 Colo. 502, 509, 272 P.2d 643, 646 (1954)(for purposes of malicious prosecution claims, "[m]alice is any motive other than a desire to bring an offender to justice," and "may be inferred from the want of probable cause" for bringing prior action).

▪ The essence of the tort of abuse of process is the use of a legal proceeding primarily to accomplish a purpose that the proceeding was not designed to achieve. *See* Restatement (Second) of Torts § 682 (1977)(cited in *Am. Guarantee & Liab. Ins. Co. v. King*, 97 P.3d 161, 170–71 (Colo.App. 2003)).

Examples of improper use of process include recording a lis pendens or obtaining a writ of replevin as leverage to demand money, property, or some other advantage in exchange for a release or dismissal of the action. *See Salstrom v. Starke*, 670 P.2d 809, 811 (Colo.App.1983)(lis pendens filed not to protect legitimate property interest but to prevent a sale to any other party and to coerce property owner to consider previous offers); *Aztec Sound Corp. v. W. States Leasing Co.*, 32 Colo.App. 248, 252, 510 P.2d 897, 898 (1973)(writ of replevin used not to regain property, but to recover monies not required by contract).

▪ However, when the process alleged to have been abused entails, as here, the very filing of a lawsuit, an additional showing is required. The party asserting the abuse of process claim also has to show that the other party's claim is "devoid of factual support or if supportable in fact, [has] no cognizable basis in law." *Ware v. McCutchen*, 784 P.2d 846, 848 (Colo.App.1989); *see Protect Our Mountain Env't, Inc. v. Dist. Court*, 677 P.2d 1361, 1365, 1369 (Colo.1984)(hereinafter, referred to as *"POME"*)(requiring this additional showing, to protect a person's first amendment right to petition the government by filing a lawsuit).

The Yadons and Baker do not dispute the applicability of the *Ware* holding. *See Lauren Corp. v. Century Geophysical Corp.*, 953 P.2d 200, 202 (Colo.App.1998)(like *Ware*, applying additional *POME* requirement). *But cf.* Timothy P. Getzoff, Comment, *Dazed and Confused in Colorado: The Relationship Among Malicious Prosecution, Abuse of Process, and the Noerr–Pennington Doctrine*, 67 U. Colo. L.Rev. 675, 676, 700 (1996)(arguing that additional *POME* requirement should not be applied in assessing abuse of process claim involving purely private disputes between private parties); Joseph B. Maher, Comment, *Survival of the Common–Law Abuse of Process Tort in the Face of a Noerr–Pennington Defense*, 65 U. Chi. L.Rev. 627, 640 (1998)(arguing that, outside context of certain federal statutes, *POME*-type requirement should not be applied in assessing abuse of process claims).

Because, as found by the court in the first lawsuit, a factual and legal basis existed for the Lowrys' counterclaims and third-party claims, we conclude that Cordova was, under *Ware*, entitled to dismissal of the abuse of process claim filed against him.

Thus, the trial court did not err in dismissing that claim.

### III. Attorney Fees

The Yadons and Baker next contend that the trial court erred in awarding Cordova attorney fees under § 13–17–201, C.R.S.2005 (requiring an award of attorney fees for certain defendants who succeed in having the case against them dismissed under C.R.C.P.

12). However, the court's award here was based on § 13–17–102, C.R.S.2005 (fee awards for defending against claims lacking substantial justification), and the Yadons and Baker do not assert that the trial court erred in awarding fees under that section. Thus, we have no basis for disturbing the trial court's ruling.

Cordova also requests an additional award of attorney fees for defending against a frivolous appeal. We conclude that he is entitled to an award of fees for his defense against a frivolous attack on the trial court's attorney fee award. However, we do not consider the Yadons' and Baker's other arguments to be so lacking in factual or legal justification as to warrant attorney fees under C.A.R. 38(d). *See Wood Bros. Homes, Inc. v. Howard,* 862 P.2d 925, 934–35 (Colo. 1993).

The judgment dismissing the abuse of process claim against Cordova and awarding attorney fees to him is affirmed, and the case is remanded to the trial court to award Cordova reasonable attorney fees incurred in defending that part of the appeal relating to the trial court's award of attorney fees. The appeal is dismissed in all other respects.

ROTHENBERG and LOEB, JJ., concur.