· Samuel WALKER and Diane Walker, Plaintiffs–Appellants,

v.

Roger VAN LANINGHAM, Barbara Van Laningham, Leslie Ezell, Katherine Ezell, Jeff Jones, and Cheryl Jones, Defendants–Appellees.

No. 05CA0564.

Colorado Court of Appeals, Div. VI.

Sept. 7, 2006.

Baker & Gaithe, L.L.C., Carla L. Baker-Sikes, Colorado Springs, Colorado, for Plaintiffs–Appellants.

Merrill, Anderson & Harris, L.L.C., Stephen D. Harris, Colorado Springs, Colorado, for Defendants–Appellees.

Opinion by Judge LOEB.

In this case alleging claims for abuse of process and civil conspiracy, plaintiffs, Samuel and Diane Walker, appeal the district court's judgment granting the motion to dismiss of defendants, Roger Van Laningham, Barbara Van Laningham, Leslie Ezell, Katherine Ezell, Jeff Jones, and Cheryl Jones (Neighbors), and awarding Neighbors attorney fees. We affirm and remand for an award of appellate attorney fees.

The Walkers purchased a forty-acre parcel of land in Teller County on which they operated a dog kennel and raised, trained, and raced sled dogs. They were subject to state statutes governing kennels, as well as the Teller County Animal Control Ordinance (Ordinance).

Neighbors, all of whom are residents of Teller County, complained repeatedly to Teller County Animal Control officials about the barking of over 100 dogs housed in the kennel, as well as conditions for the dogs and various licensing matters.

As a result of the complaints, criminal charges were brought against Mr. Walker in county court for numerous violations of the Ordinance. Several Neighbors testified as witnesses for the prosecution in these criminal proceedings.

After a trial, Mr. Walker was convicted of a number of barking dog violations as well as a charge of cruelty to animals. The county court imposed a civil fine, ordered Mr. Walker to reduce the number of dogs on the property to thirty or less, and ordered him to comply with all ordinances and laws related to his dogs.

Mr. Walker unsuccessfully appealed two of his convictions to the El Paso County District Court, and the Colorado Supreme Court denied his petition for certiorari in March 2005.

Meanwhile, in December 2004, the Walkers filed their complaint against Neighbors in this action, alleging claims of abuse of process and civil conspiracy.

Neighbors filed a motion to dismiss for failure to state a claim for which relief can be granted, pursuant to C.R.C.P. 12(b)(5), arguing, inter alia, that the abuse of process claim failed as a matter of law because the complaint did not allege any improper use of judicial proceedings. Neighbors also argued that the civil conspiracy claim was derivative of the abuse of process claim and should also be dismissed.

In February 2005, the district court entered an order granting the motion to dismiss. After taking judicial notice of the fact that some of the complaints against the Walkers resulted in criminal convictions, the district court concluded that reporting an alleged crime which results in a successful criminal prosecution cannot serve as the basis for an abuse of process claim; that filing grievances with a governmental agency is protected by the federal and state constitutions; and that Neighbors' filing of complaints with animal control authorities did not constitute commencement of a judicial proceeding. Accordingly, the district court concluded that, as a matter of law, the claim for abuse of process should be dismissed. Because the civil conspiracy claim also relied on Neighbors' complaints to animal control authorities as the basis of the alleged wrongful conduct, the district court dismissed that claim as well. The court also awarded Neighbors their reasonable attorney fees and costs. This appeal followed.

■ We review a district court's ruling on a motion to dismiss de novo. In doing so, we accept as true all averments of material fact contained in the complaint and view the allegations of the complaint in the light most favorable to the plaintiff. *Brossia v. Rick Constr., L.T.D. Liab. Co.,* 81 P.3d 1126, 1129 (Colo.App.2003). There are a few exceptions to this rule, such as when the facts alleged in the complaint run counter to facts of which the court can take judicial notice. *Gersten v. Rundle,* 833 F.Supp. 906, 910 (S.D.Fla.1993), aff'd, 56 F.3d 1389 (11th Cir.1995) (unpublished table decision).

■ A C.R.C.P. 12(b)(5) motion to dismiss is looked upon with disfavor, and a complaint should not be dismissed unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief. A complaint should not be dismissed for failure to state a claim so long as the plaintiff is entitled to some relief upon any theory of the law. *Pub. Serv. Co. v. Van Wyk,* 27 P.3d 377, 385–86 (Colo.2001).

## I. Abuse of Process

The Walkers contend that the district court erred in dismissing their abuse of process claim. We disagree and conclude that the court correctly granted Neighbors' C.R.C.P. 12(b)(5) motion to dismiss that claim, although we do so based on reasoning different from that articulated by the district court.

■ A claim for abuse of process requires a plaintiff to allege and prove the following elements: (1) an ulterior purpose for the use of a judicial proceeding; (2) willful action in the use of that process which is not proper in the regular course of the proceedings, that is, use of a legal proceeding in an improper manner; and (3) resulting damage. *Lauren Corp. v. Century Geophysical Corp.,* 953 P.2d 200, 202 (Colo.App.1998); *James H. Moore & Assocs. Realty, Inc. v. Arrowhead at Vail,* 892 P.2d 367, 373 (Colo. App.1994). Although the litigant's motive may be important in determining whether there was an ulterior purpose, it still must be established that, viewed objectively, there was an improper use of the process. *Am.*

*Guar. & Liab. Ins. Co. v. King,* 97 P.3d 161, 170 (Colo.App.2003); *James H. Moore & Assocs. Realty, Inc. v. Arrowhead at Vail, supra.*

■ The essence of the tort of abuse of process is the use of a legal proceeding primarily to accomplish a purpose that the proceeding was not designed to achieve. *Yadon v. Lowry,* 126 P.3d 332, 337 (Colo.App.2005). Establishment of a prima facie case requires not only proof of an ulterior motive but proof of willful actions by the defendant in the use of process which are not proper in the regular conduct of a proceeding. *See Aztec Sound Corp. v. W. States Leasing Co.,* 32 Colo.App. 248, 252, 510 P.2d 897, 899 (1973); see also *Inst. for Prof'l Dev. v. Regis Coll.,* 536 F.Supp. 632, 635 (D.Colo.1982) (quoting 1 Am.Jur.2d Abuse of Process § 13 (1962)) ("If the action is confined to its regular and legitimate function in relation to the cause of action stated in the complaint there is no abuse, even if the plaintiff had an ulterior motive in bringing the action or if he knowingly brought suit upon an unfounded claim."). The legal proceeding must be used in an improper manner, for example, to accomplish a coercive goal. *Am. Guar. & Liab. Co. v. King, supra; see Palmer v. Tandem Mgmt. Servs., Inc.,* 505 N.W.2d 813, 817 (Iowa 1993) ("The improper purpose is ordinarily an attempt to secure from another some collateral advantage not properly includable in the process itself and is a form of extortion in which a lawfully used process is perverted to an unlawful use.").

We conclude that the district court properly dismissed the abuse of process claim because the complaint did not satisfy the second element of that claim, that is, that Neighbors used a legal proceeding in an improper manner.

Although the Walkers alleged that Neighbors had the ulterior motive of removing the Walkers' kennel from their neighborhood and causing a revocation of the Walkers' state kennel license, the facts pleaded in the complaint concerning Neighbors' use of the judicial process merely state that Neighbors made unfounded complaints to Teller County Animal Control about the Walkers' barking

dogs and about cruelty to animals, that Neighbors contacted each other to coordinate their complaints, and that Neighbors testified at Mr. Walker's criminal trial for violations of the Ordinance.

Section 1 of the Ordinance articulates the intent of the board of county commissioners in adopting an animal control ordinance:

> to declare as a matter of public policy that the keeping of animals and dogs in Teller County constitutes a potential threat to the health, safety, and welfare of the citizens of Teller County; ... that dogs at large, barking dogs, rabid dogs, vicious dogs, and similar animals constitute a public nuisance; [and] that the regulation of animals and dogs and the actions of their owners through administrative regulation and civil and criminal enforcement is necessary to protect the citizens of Teller County and their property.

Section 6.1 of the Ordinance provides that loud and persistent barking dogs are prohibited: "No owner of a dog shall fail to prevent it from disturbing the peace and quiet of any other person by loud and persistent barking, baying, howling, yipping, crying, yelping, or whining, whether the dog is on or off the owner's premises."

Section 6 further provides a process for warning, prosecuting, and convicting an owner of a barking dog, which process relies, in large part, on complaints to the county animal control authorities. Thus, § 4.4(b) of the Ordinance provides: "The Animal Regulation Officer may issue a warning after either receiving a phoned-in complaint and investigating the complaint in the field, or after receiving two phoned-in complaints from different households."

Section 6 also provides that complainants must identify themselves, see § 6.4(c), and that their identity will be kept confidential until a violation is charged, see § 6.6(a), but that no person or owner shall be convicted at trial for violation of § 6 unless testimony is presented by at least one or two complaining witnesses, depending on the circumstances. See § 6.6(b).

Section 7 of the Ordinance, which prohibits cruelty to animals, also provides for a warn-

ing and enforcement procedure that relies on public complaints similar to that set forth in § 6.4 concerning barking dog violations.

By its express terms, therefore, the Ordinance is designed to serve public purposes by encouraging public complaints concerning alleged violations of the Ordinance. Filing complaints is thus a proper use of the process mandated by the Ordinance. The Walkers did not allege any willful acts by Neighbors in the animal control proceedings other than acts that are legitimate and proper in the regular conduct of those proceedings. Under the Ordinance, for a barking dog or cruelty to animals violation to be enforced and prosecuted, a citizen complaint is required.

█ Accordingly, we conclude that, as a matter of law, filing complaints about barking dogs and cruelty to animals under the Ordinance, in the manner prescribed by those ordinances, is not an improper use of process. Even assuming the truth of the allegation that Neighbors had an ulterior motive, we conclude they took no further improper or coercive action to obtain a collateral advantage not properly included in the process itself. Neighbors' concerns fell squarely within interests that were protected by the Ordinance. Any advantages that they may have obtained as a result of Mr. Walker's convictions for violating the Ordinance were regular and legitimate goals which the proceedings were designed to achieve.

This case is thus distinguishable from other cases in which Colorado appellate courts have upheld claims of abuse of process in situations where a proper legal process was used improperly. See, e.g., Coulter v. Coulter, 73 Colo. 144, 152, 214 P. 400, 403 (1923) (defendant instituted lunacy proceedings against plaintiff upon a false affidavit and for the "atrocious" purpose of alienating plaintiff from his mother); Am. Guar. & Liab. Ins. Co. v. King, supra (party filed a lawsuit against a wife to obtain money from her husband without a valid claim); Colo. Homes, Ltd. v. Loerch–Wilson, 43 P.3d 718 (Colo.App.2001)(party obtained a temporary restraining order for purposes other than preventing the opposing party from threatening harm); Lauren Corp. v. Century Geo-

*physical Corp., supra* (party requested a declaratory judgment not to obtain declaratory relief, but to coerce the opposing party to transfer its software to a third party); *Aztec Sound Corp. v. W. States Leasing Co., supra* (leasing company commenced replevin action to repossess equipment and used such process to extract payment from lessee under threat of removing equipment and thereby closing down lessee's business).

Here, even assuming all the allegations in the complaint to be true, we conclude that the Walkers did not properly plead facts to meet the second element necessary for an abuse of process claim and that the district court did not err in dismissing that claim.

Because of our resolution of this issue, we need not address the parties' other contentions concerning the abuse of process claim.

## II. Civil Conspiracy

■ The Walkers also contend that the district court erred in dismissing their civil conspiracy claim. We disagree.

There are five elements required to establish a civil conspiracy in Colorado. "[T]here must be: (1) two or more persons, and for this purpose a corporation is a person; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof."

*Jet Courier Serv., Inc. v. Mulei,* 771 P.2d 486, 502 (Colo.1989) (quoting *More v. Johnson,* 193 Colo. 489, 493, 568 P.2d 437, 439–40 (1977)).

Here, the issue is whether the Walkers alleged unlawful overt acts that would support a claim of civil conspiracy. We conclude they did not.

The Walkers first assert that the alleged abuse of process itself is the unlawful overt act which supports their civil conspiracy claim. We reject this assertion because we have already concluded that the district court properly dismissed the claim for abuse of process.

The Walkers also contend that they alleged a second unlawful overt act, namely that Neighbors filed unfounded barking dog complaints. They argue that "implicit in this allegation is the allegation that the Neighbors misrepresented the truth in their complaints and testimony," and that an agreement to submit false complaints supports a claim for civil conspiracy. Again, we are not persuaded.

"Unfounded" is defined as "lacking a sound basis in reason or fact: baseless, groundless, illusive." *Webster's Third New International Dictionary* 2496 (1986).

Initially, we perceive no reason why an unfounded complaint necessarily implicates a deliberate falsehood or an unlawful act.

■ Moreover, the parties concede, and the district court properly took judicial notice of the fact, that Mr. Walker was convicted of some of the barking dog complaints made by Neighbors. *See People v. Sa'ra,* 117 P.3d 51, 55–56 (Colo.App.2004)(a court may take judicial notice of the contents of court records in a related proceeding). Accordingly, Neighbors' complaints were not unfounded. The district court concluded as a matter of law that because the civil conspiracy claim relied on Neighbors' complaints to animal control authorities as the basis of the alleged wrongful conduct, and those complaints were well founded under the Ordinance, that claim must also fail. We perceive no error in this conclusion.

## III. Attorney Fees

Finally, the Walkers contend that, because matters outside the pleadings were presented to and not excluded by the district court in its consideration of Neighbors' motion to dismiss, the motion should be treated as one for summary judgment, and the court thus erred in awarding Neighbors their attorney fees under § 13–17–201, C.R.S.2005. We disagree.

C.R.C.P. 12(b) provides that when

matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all mate-

rial made pertinent to such a motion by Rule 56.

Section 13–17–201, C.R.S.2005, provides:

In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action. This section shall not apply if a motion under rule 12(b) of the Colorado rules of civil procedure is treated as a motion for summary judgment and disposed of as provided in rule 56 of the Colorado rules of civil procedure.

 Here, the record shows that the Ordinance and Mr. Walker's prior convictions were considered by the district court in ruling on the motion to dismiss. We conclude that neither of these matters converted the motion into a motion for summary judgment.

A document that is referred to in the complaint, even though not formally incorporated by reference or attached to the complaint, is not considered a "matter outside the pleading." Thus, if a document is referred to in the complaint and is central to the plaintiff's claim, the defendant may submit an authentic copy to the court to be considered on a motion to dismiss, and the court's consideration of the document does not require conversion of the motion to one for summary judgment.

*Yadon v. Lowry, supra,* 126 P.3d at 336, (quoting 11 James Wm. Moore et al., Moore's Federal Practice § 56.30[4], at 56225 & 226 (3d ed.2005) ).

 Here, the Walkers specifically referred to the Ordinance in their complaint. They also attached a copy of the Ordinance to their response to the motion to dismiss. We thus conclude that the district court's consideration of the Ordinance in assessing the motion to dismiss did not convert that motion into one for summary judgment. *See Yadon v. Lowry, supra.*

 With respect to Mr. Walker's previous convictions, the general rule is that a court is permitted to take judicial notice of certain matters without converting a motion to dismiss to one for summary judgment. Federal courts have addressed this issue under Fed.R.Civ.P. 12(b)(6), a rule that is identical to C.R.C.P. 12(b)(5), and we may look to those authorities for guidance. *See Yadon v. Lowry, supra; Aspen Petroleum Prods., Inc. v. Zedan,* 113 P.3d 1290, 1292 (Colo.App. 2005) (when a Colorado rule of civil procedure is similar to a federal rule of civil procedure, we may look to federal authority for guidance in construing the Colorado rule).

 In deciding whether to dismiss, the court may consider only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the court may take judicial notice. *See* 2 Moore, *supra,* § 12.34[2], at 1269; 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1366 (3d ed.2004); *see also Allen v. WestPoint–Pepperell, Inc.,* 945 F.2d 40, 44 (2d Cir.1991); *Levy v. Rowland,* 359 F.Supp.2d 267, 271 (E.D.N.Y.2005).

In addressing a motion under Fed.R.Civ.P. 12(b)(6), the general rule is that, although a court primarily considers the pleadings, certain matters of public record may also be taken into account, and matters which are properly the subject of judicial notice may be considered without converting the motion into one for summary judgment. *Northgate Motors, Inc. v. Gen. Motors Corp.,* 111 F.Supp.2d 1071, 1077 (E.D.Wis.2000)(holding that administrative agency files and decisions are properly the subject of judicial notice and may be considered without converting a Fed. R.Civ.P. 12(b)(6) motion into one for summary judgment); *see Stahl v. United States Dep't of Agric.,* 327 F.3d 697, 700 (8th Cir. 2003) (district court may take judicial notice of public records and consider them on a motion to dismiss); *Auto–Owners Ins. Co. v. Tuggle,* 289 F.Supp.2d 1061, 1066 (W.D.Ark.2003)(public records including motions, orders, and docket entries filed in courts may be considered in connection with a Fed.R.Civ.P. 12(b) motion); *Thomas v. Westchester County Health Care Corp.,* 232 F.Supp.2d 273, 275 (S.D.N.Y.2002) (district court may take judicial notice of records and

reports of administrative bodies without converting motion to dismiss into one for summary judgment); *Lato v. Sieverman,* 919 F.Supp. 336 (C.D.Cal.1996)(defendants' motion to dismiss against state prisoner filing civil rights claim was granted after court took judicial notice of prisoner's convictions); *see also People v. Schwartz,* 890 P.2d 82, 84 (Colo.1995) (in disciplinary proceedings, supreme court took judicial notice of attorney's prior criminal convictions).

The Walkers' reliance on *Krystkowiak v. W.O. Brisben Cos.,* 90 P.3d 859 (Colo.2004), is misplaced. There, the trial court considered the parties' submission of hundreds of pages of documents, including affidavits and other documents not subject to judicial notice, in resolving a First Amendment defense to the plaintiff's claims. Here, by contrast, the district court only considered the Ordinance (which was referenced in the complaint) and the prior convictions (which were subject to judicial notice), and we have concluded that the complaint was properly dismissed on grounds independent of any First Amendment analysis. *See Krystkowiak v. W.O. Brisben Cos., supra,* 90 P.3d at 862 (where there is an alternative ground independent of the First Amendment upon which plaintiff's claim may be dismissed, defendant is entitled to recover attorney fees under § 13–17–201).

Here, Neighbors attached official records of the criminal proceedings against Mr. Walker to their motion to dismiss. The district court took judicial notice of, and the parties conceded, the fact that Mr. Walker was convicted of at least some of the complaints made against him.

Under these circumstances, we conclude that the court properly took judicial notice of Mr. Walker's prior criminal convictions for violations of the Ordinance and correctly applied the standard of C.R.C.P. 12(b)(5) in granting Neighbors' motion to dismiss, without converting it into one for summary judgment. Accordingly, we further conclude that the court did not err in awarding attorney fees to Neighbors, pursuant to § 13–17–201.

Neighbors' request for attorney fees on appeal is granted. Because Neighbors were awarded attorney fees by the district court pursuant to § 13–17–201, they are entitled to reasonable attorney fees for defending the appeal. *See Henderson v. Bear,* 968 P.2d 144, 148 (Colo.App.1998).

The judgment is affirmed, and the case is remanded for a determination of reasonable attorney fees to be awarded Neighbors for this appeal.

Judge PLANK * and Judge NIETO *, concur.