25CA0268 Nelson v Hart 06-18-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0268
Gunnison County District Court No. 24CV3
Honorable Matthew D. Barrett, Judge

Brett Andrew Nelson,

Plaintiff-Appellant,

v.

William Hart, Midge Barton, and Adam Murdie,

Defendants-Appellees.

---

JUDGMENT AFFIRMED

Division V
Opinion by JUDGE SCHUTZ
Lipinsky and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 18, 2026

---

Brett Andrew Nelson, Pro Se

Dagner Schluter Werber LLC, Leslie L. Schluter, Greenwood Village, Colorado, for Defendants-Appellees

¶ 1     This case arises from a complaint filed by plaintiff, Brett Andrew Nelson, against defendants, William Hart, Midge Barton, and Adam Murdie (collectively, the sheriffs), all of whom were employees of the Gunnison County Sheriff's Office.[1]  Barton and Hart removed the case to federal court, which remanded the case to the district court after Nelson dismissed his federal claims.  Following the remand, the sheriffs moved for dismissal of Nelson's remaining claims.  The district court granted the sheriffs' motion.  Nelson filed a motion to reconsider, which the court denied.

¶ 2     Nelson now appeals the order dismissing his claims.  We affirm.

## I.     Background

¶ 3     The alleged incident that formed the basis of Nelson's complaint took place while Nelson was in custody at the Gunnison County Detention Center, awaiting trial.  Nelson alleged that he was handcuffed during a meeting with his attorney at the detention center and that both Nelson and his attorney requested that Sherrif

---

[1] David Kosin was also named as a defendant in Nelson's complaint. From our review of the record, it does not appear that Kosin was served or appeared in the case.  In addition, Kosin is not named, and has not appeared, in this appeal.

Hart remove the handcuffs.  Hart refused.  In response, Nelson called Hart "incompetent," after which Hart allegedly tightened the cuffs on Nelson's wrists.  Another guard later loosened the handcuffs.

¶ 4    Nelson alleged that he experienced pain for several hours after the incident.  Nelson filed a grievance against Hart.  Nelson also sought criminal charges against Hart and asked the office's supervisory staff (specifically, Burton and Murdie) for "court forms for protection orders and to communicate with the investigating officer in the criminal investigation."  According to Nelson, the supervisors "consistently ignored" his requests.

¶ 5    Nelson then filed a civil complaint in Gunnison County District Court, which included claims under both state and federal law.  The sheriffs removed the case to federal court.  The appellate record does not contain the record of the federal court proceedings.  But according to the federal court's order remanding the case to state court — which is contained in the record — Nelson filed a motion to return the case to state court, stating that he intended to pursue only state law claims, and Nelson later filed an amended complaint containing only those claims.  In its remand order, the federal court

noted that it lacked subject matter jurisdiction over Nelson's state law claims.

¶ 6     After the case returned to state court, the sheriffs filed a motion for a more definite statement or, alternatively, requested that the district court dismiss Nelson's claims pursuant to C.R.C.P. 8.  Nelson never filed an amended complaint in state court.

¶ 7     It appears that, for a period of time in the state court proceedings, Nelson did not receive the sheriff's filings, apparently due to a change in the place of his incarceration.  Eventually, Nelson filed an updated mailing address with the court.  The record does not show that any filings directed to Nelson were subsequently returned.[2]

¶ 8     After Nelson filed his updated address, the sheriffs re-served their motion for a more definite statement on him.  Nelson filed a response that included a more definite statement of his claims.  The sheriffs then moved to dismiss Nelson's claims under C.R.C.P. 12(b)(5).  Nelson did not respond to the motion to dismiss.

---

[2] The only returned-to-sender mail that appears in the record after this point was addressed to Kosin.

¶ 9     Because Nelson did not file an amended complaint in the state court case, the district court evaluated the motion to dismiss in reference to both Nelson's original complaint and his more definite statement. Ultimately, the court granted the motion to dismiss.

## II.     Issues on Appeal

¶ 10     Nelson raises several contentions on appeal. First, he contends that he was not served with the motion to dismiss, making the district court's dismissal improper. Second, he contends that the district court erred by evaluating the claims from his original complaint, rather than those in the amended complaint filed in federal court. Third, Nelson contends, when evaluating his excessive force claim, the district court should have applied Eighth Amendment standards — rather than those from the Fourth and Fourteenth Amendments and the Colorado Constitution. Lastly, Nelson contends that the district court applied the wrong standards to Hart's conduct, Barton's and Murdie's inaction, and his free speech retaliation claim.

¶ 11     We address each contention in turn.

## A. Nelson's Appellate Briefing

¶ 12 Before analyzing the substance of Nelson's appellate arguments, we first turn to the sheriffs' procedural argument that Nelson's appellate briefs should not be considered because they fail to comply with C.A.R. 28.

¶ 13 When considering a pro se appellant's filings, we "must broadly construe" them "to effectuate the substance, rather than the form," of those filings. *Warnick v. Ct. Admin.*, 2025 COA 7, ¶ 16 (quoting *People v. Cali*, 2020 CO 20, ¶ 34). This latitude ensures that a pro se litigant is not denied review of the issues they raise simply because of their inability to articulate arguments like a lawyer. *Arnold v. Brent*, 2024 COA 104, ¶ 8. However, a pro se litigant is still bound by the same procedural rules that an attorney is. *Cornelius v. River Ridge Ranch Landowners Ass'n.*, 202 P.3d 564, 572 (Colo. 2009).

¶ 14 The sheriffs take issue with the fact that Nelson did not cite the record in his appellate briefs. C.A.R. 28(a)(7)(A) requires appellate parties to indicate "the precise location in the record where the issue was raised and where the court ruled." Nelson's failure to cite the record at any point in his briefs, they argue, is

justification for us to deem his arguments waived and affirm the district court's dismissal on that basis alone.

¶ 15 Generally, citations to the record are crucial to our informed review of a case, and the appellate rules clearly require such citations. But the record before us is comparatively modest — it does not contain any transcripts and is a few hundred pages, comprised of filings in the state district court. While we won't develop Nelson's arguments for him or search the record for supporting facts that are not cited in his briefs, *see Cornelius*, 202 P.3d at 572, his briefing, coupled with the available record, is sufficient for us to review the issues. We therefore decline to dismiss the appeal solely because Nelson failed to comply with C.A.R. 28(a)(7)(A).

## B. Motion to Dismiss

¶ 16 We turn now to Nelson's substantive arguments.

### 1. Service of Motion

¶ 17 Nelson contends that he was not served with the sheriffs' motion to dismiss, and, therefore, the district court erred by granting it. We disagree.

### a. Standard of Review

¶ 18    We review the district court's ruling on a motion to dismiss de novo. *Walker v. Van Laningham*, 148 P.3d 391, 394 (Colo. App 2006). "In doing so, we accept as true all averments of material fact contained in the complaint and view the allegations of the complaint in the light most favorable to the plaintiff." *Id.* To survive a motion to dismiss, the plaintiff must allege facts that "raise a right to relief 'above the speculative level,' and provide 'plausible grounds'" for the asserted claim. *Warne v. Hall*, 2016 CO 50, ¶¶ 9, 25 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).

¶ 19    We review preserved errors under the harmless error standard. *In re Estate of Fritzler*, 2017 COA 4, ¶ 7. For purposes of appellate review, "[a]n error is harmless if the court reached the correct outcome." *In re Mendy Brockman Disability Tr.*, 2022 COA 75, ¶ 45.

¶ 20    Under C.R.C.P. 5, parties must serve their filings on all parties and service may be completed by "[m]ailing a copy [of the filing] to the last known address of the person served." C.R.C.P. 5(a), C.R.C.P. 5(b)(2)(B). In those instances, "[s]ervice by mail is complete on mailing." *Id.*

b. Analysis

¶ 21    Nelson argues that he did not respond to the sheriffs' motion to dismiss because he was never served with the motion.  And, because he was not served, he says, the district court erred by ruling on the motion to dismiss at all.  Whether Nelson was properly served is a factual determination that we are generally unsuited to make.  *See Owners Ins. Co. v. Dakota Station II Condo. Ass'n.*, 2021 COA 114, ¶ 28.  However, Nelson provides no record support for his claim that he did not receive the motion, and our thorough review of the record reveals none.

¶ 22    The record does reflect that several filings were returned to the court as undeliverable, some of which were addressed to Nelson.  However, after he updated his address with the court, the record and the court's register of actions show that no mail addressed to Nelson — including the sheriffs' motion to dismiss — was returned.  Thus, the record does not support Nelson's claim that he did not receive the motion to dismiss.  *See In re Marriage of Carey*, 2026 COA 3, ¶ 55 n.14 (we make take judicial notice of court records).

¶ 23    Moreover, Nelson filed a motion for reconsideration in which he addressed both the sheriffs' motion to dismiss and the court's

dismissal order. Thus, even if Nelson had not been served with the sheriffs' motion to dismiss, Nelson was able to address the motion and resulting order in his motion to reconsider. Therefore, Nelson was able to articulate his claim that he had not been served with the motion to dismiss, respond to the sheriffs' arguments in their motion to dismiss, and raise his objections to the district court's reasons for dismissing his claims.

### 2. Complaint and More Definite Statement

¶ 24 Nelson next contends that the district court erred by granting the dismissal because it considered the incorrect complaint. Again, we disagree.

¶ 25 As previously noted, the records from the federal court — including the amended complaint — were not filed with the district court. As a result, the district court did not — and could not — consider the amended complaint when ruling on the motion to dismiss. The district court had only Nelson's original complaint and his more definite statement. The district court found that Nelson had "defined his four claims for relief" within his more definite statement, and, therefore, the court properly decided the motion to dismiss based on the original complaint and Nelson's

more definite statement. *See Bernstein v. Dun & Bradstreet, Inc.*, 368 P.2d 780, 783 (Colo. 1962) (evaluating both the complaint and a more definite statement when resolving a motion to dismiss).

### 3. The District Court Applied the Correct Standards

¶ 26 Nelson next argues that the district court applied the incorrect legal standards when reviewing his excessive force allegations against the sheriffs. Specifically, Nelson argues that the district court should have relied on Eighth Amendment standards, rather than those grounded in the Fourth and Fourteenth Amendments or the analogous provisions of the Colorado Constitution. We are not persuaded.

### a. Standard of Review

¶ 27 As stated above, we review de novo a district court's dismissal for failure to state a claim. *Walker*, 148 P.3d at 394. We also review a district court's legal conclusions de novo. *Am. Fam. Mut. Ins. Co. v. Ashour*, 2017 COA 67, ¶ 11.

### b. Constitutional Claims

¶ 28 Nelson argues that the district court erred by failing to apply the "wantonly sadistic" standard to the de minimis injury he received from the handcuffs. He also contends that any wantonly

sadistic act that causes even de minimis pain should be actionable, under either the cruel and unusual punishment or the excessive force standard. This reasoning is misguided.

¶ 29    The wantonly sadistic standard is articulated in *Hudson v. McMillian*, 503 U.S. 1 (1992). The district court concluded that *Hudson* was inapplicable to Nelson's claims because that case was rooted in the Eighth Amendment and Nelson did not plead an Eighth Amendment claim.

¶ 30    Nelson's claims were grounded in the Fourth and Fourteenth Amendments, and the similar provisions of article II, section 7, of the Colorado Constitution. The Fourth Amendment "covers only 'searches and seizures' and is relevant only where a seizure has occurred." *Roybal-Mack v. N.M. Dept. of Pub. Safety*, 286 F. Supp. 3d 1226, 1234 (D.N.M. 2017). By contrast, the Eighth Amendment applies to punishments imposed by the State after a criminal conviction. *Smith v. Matthews*, 793 F. Supp. 998, 1002 n.6 (D. Kan. 1992); *Liberty Bankers Life Ins. Co. v. First Citizens Bank & Tr. Co.*, 2014 COA 151, ¶ 10 n.3 (While we are not bound by the decisions of the lower federal courts when interpreting federal law, "we may look to federal [trial court] decisions for guidance and

11

follow the analysis that we find persuasive."). Therefore, cases related to claims made under the Eighth Amendment are not relevant to Nelson's claims arising from an event that occurred before he was convicted.

¶ 31    The district court correctly concluded that Nelson failed to allege sufficient facts to plausibly support his excessive force claim. Without excusing Hart's alleged conduct, the case law from the Tenth Circuit Court of Appeals — which we consider persuasive authority — is clear: "An excessive force claim that includes a challenge to the manner or course of handcuffing requires the plaintiff to show both that the force used was more than reasonably necessary and some non-de minimis actual injury." *Mglej v. Gardner*, 974 F.3d 1151, 1167 (10th Cir. 2020) (citation modified). The Tenth Circuit has held that injuries such as superficial abrasions, numbness in wrists and forearms, and redness and swelling are typically insufficient to establish an excessive force claim. *Id.*; *see Koch v. City of Del City*, 660 F.3d 1228, 1248-49 (10th Cir. 2011); *Cortez v. McCauley*, 478 F.3d 1108, 1129 (10th Cir. 2007); *Fisher v. City of Las Cruces*, 584 F.3d 888, 899-900 (10th Cir. 2009).

¶ 32     Even considering *Hudson,* as Nelson urges us to do, the Supreme Court specifically noted therein that not "every malevolent touch by a prison guard gives rise to a federal cause of action," in part because the Eighth Amendment does not protect against "de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson,* 503 U.S. at 10-11 (quoting *Whitley v. Albers,* 475 U.S. 312, 327 (1986)).

¶ 33     Moreover, Nelson appears to acknowledge that his injuries were de minimis.  He alleged that the handcuffs were painful and left marks on his wrists and that he sought an over-the-counter pain reliever for the injury.  Taking these allegations as true, the district court determined that they were insufficient to state a plausible claim for relief that Nelson suffered an actual injury from the handcuffing.  As a result, Nelson failed to plead a sufficient claim for excessive force.  We perceive no error in the district court's determination that Nelson's injuries were de minimis and were therefore insufficient to establish a plausible claim for excessive force against Hart.

### c.    Deliberate Indifference Claims

¶ 34    Nelson also contends that the district court should have found that the supervising sheriffs' actions, or lack thereof, rose to the level of "deliberate indifference."  But in his complaint and more definite statement, Nelson did not cite a statute or common law theory that would support a claim of deliberate indifference.

¶ 35    In their motion to dismiss, the sheriffs cited section 13-21-131, C.R.S. 2025, as a potential basis for Nelson's deliberate indifference claim.  In its dismissal order, the district court noted that Nelson had not cited section 13-21-131.  The sheriffs appear to have reasoned that Nelson may have intended to rely on the "deprivation of rights" language that he used in his more definite statement that is similar to the language in section 13-21-131(1), which states that a peace officer who subjects "any other person to the deprivation of any individual rights that create binding obligations on government actors secured by the bill of rights, article II of the state constitution, is liable to the injured party for legal or equitable relief or any other appropriate relief."

¶ 36    In any event, because Nelson did not reference section 13-21-131 or any other Colorado law and failed to allege facts

supporting a violation of his constitutional rights under article II of the Colorado Constitution, the district court determined that Nelson had not alleged a viable claim under that statute.

¶ 37 Nelson did, however, cite *Gonzales v. Martinez*, 403 F.3d 1179 (10th Cir. 2005). In *Gonzales*, the court stated that the Eighth Amendment requires that prisons and their officials provide humane conditions and take reasonable measures to guarantee the inmate's safety. *Gonzales*, 403 F.3d at 1186. Based on this authority, the district court acknowledged that an inmate may succeed on a deliberate indifference claim by proving that they are incarcerated under "conditions posing a substantial risk of serious harm" and that the prison official "knows of and disregards an excessive risk to inmate health and safety." *Id.* (citations omitted).

¶ 38 The claims in *Gonzales* are rooted in the Eighth Amendment. As previously explained, the Eighth Amendment does not apply to Nelson's claims because, at the time of the handcuff incident, he had not yet been convicted. Moreover, even if the Eighth Amendment applied, we agree with the district court that Nelson did not allege sufficient facts to support an Eighth Amendment claim.

¶ 39 The district court also considered whether Nelson was attempting to make a claim against Barton and Murdie under article II, section 7, of the Colorado Constitution, which protects against cruel and unusual punishment. The court concluded that Nelson had not sufficiently alleged that Hart posed a "substantial risk of serious harm" to him or that Barton and Murdie knew that Hart posed a serious threat to Nelson's safety and chose not to act. Nelson alleged only that there was a risk that Hart would harm him.

¶ 40 Given the facts that Nelson alleged, and the lack of legal grounding in Nelson's complaint and more definite statement, we perceive no error in the district court's determination that Nelson failed to plead a plausible deliberate indifference claim against either Barton or Murdie.

#### 4. Free Speech Retaliation

¶ 41 Lastly, Nelson alleges that the district court erred by concluding that he had not sufficiently pleaded a claim for retaliation against him for exercising his constitutional right of free speech. We perceive no error.

> A viable claim of retaliation in violation of the First Amendment must plausibly allege three elements: (1) the plaintiff engaged in

constitutionally protected activity; (2) the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) the adverse actions were substantially motivated by the plaintiff's exercise of constitutionally protected activity.

*Gandy v. Williams*, 2019 COA 118, ¶ 46.

¶ 42    The district court concluded that none of the facts Nelson alleged were sufficient to meet the factors set forth by *Gandy*. Even accepting Nelson's allegations as true, they merely show that he called Hart "incompetent" and that Hart responded by tightening Nelson's handcuffs to a painful degree. We discern no error in the district court's conclusion that these facts were insufficient to establish that Hart's action was "substantially motivated" by Nelson's speech or that Nelson's asserted injuries "would chill a person of ordinary firmness from continuing to engage in that activity." *Id.*

### 5.    Nelson's Victim Rights Acts Claim

¶ 43    Although Nelson raised a Victim Rights Act claim, *see* § 24-4.1-302.5, C.R.S. 2025, in the district court and again on appeal, he conceded in his briefing that such a claim was "not

adequate" to survive the sheriffs' motion to dismiss. Therefore, we do not address the matter further.

### III.  Disposition

¶ 44    The district court's judgment is affirmed.

JUDGE LIPINSKY and JUDGE YUN concur.