Sandie Kay COLBURN, Plaintiff–
Appellant,

v.

Lon KOPIT, Psy.D., Defendant–Appellee.

No. 01CA0977.

Colorado Court of Appeals,
Div. III.

June 20, 2002.

Certiorari Denied Dec. 2, 2002.

Juanita Benetin, Denver, CO; Mary K. Stroube, Woodland, CA, for Plaintiff–Appellant.

Kennedy and Christopher, P.C., Elizabeth A. Starrs, John R. Mann, Denver, CO, for Defendant–Appellee.

Opinion by Judge JONES.

Plaintiff, Sandie Kay Colburn, appeals the summary judgment entered against her and in favor of defendant, Lon Kopit, Psy.D., an unlicensed psychotherapist, dismissing plaintiff's claims for negligence, breach of fiduciary duty, and outrageous conduct because the statute of limitations had expired. We affirm.

In March 1996, plaintiff sought evaluation by defendant in connection with a custody dispute with her former husband. She later was treated by defendant who, as an unlicensed psychotherapist, was supervised by a licensed psychiatrist.

Plaintiff filed a complaint against defendant on March 27, 2000, alleging that he had been negligent and had breached his fiduciary duty to her by making improper comments during therapy and by encouraging her to have an inappropriate relationship with him.

In a brief order, containing no findings or conclusions, the trial court granted defendant's motion for summary judgment and dismissed plaintiff's complaint with prejudice, on grounds that it had not been filed within the applicable limitations period. This appeal followed.

## I.

Plaintiff contends that the trial court erred in granting summary judgment in favor of defendant because the limitations period had not expired. We disagree.

■ Summary judgment is appropriate only when the pleadings and supporting documents demonstrate that no genuine issues exist as to any material fact and that the moving party is entitled to judgment as a matter of law. Our review of an order granting a motion for summary judgment is de novo. *Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Bd.*, 901 P.2d 1251 (Colo.1995).

## A.

■ The General Assembly has specified distinct limitation periods for actions against *licensed* medical or health care providers and health care institutions, as opposed to other classes of individuals or institutions against which actions may be brought. Section 13–80–102.5, C.R.S.2001. The term "health care professional" is defined to refer to any physician, psychologist, or other health care worker "who is licensed to perform such profession under the laws of this state." Section 13–80–102.5(2)(b), C.R.S.2001; *see also People v. District Court*, 719 P.2d 722 (Colo.1986)(holding psychologist-patient privilege applies to records of unlicensed psychologist when therapy conducted under authorized supervision).

We conclude that the language of § 13–80–102.5 is unambiguous. *See Sandoval v. Archdiocese of Denver*, 8 P.3d 598 (Colo.App.2000)(reviewing court considers plain language of unambiguous statute). Thus, because defendant is not a licensed psychotherapist, the general limitations for tort actions under §§ 13–80–101 and 13–80–102, C.R.S.2001, apply here.

## B.

An action alleging breach of fiduciary duty must be filed within three years after the cause of action accrues. Section 13–80–101(1)(f), C.R.S 2001. An action for negligence or outrageous conduct must be filed within two years after the cause of action accrues. Section 13–80–102(1)(a), C.R.S. 2001.

■ For purposes of the statute of limitations, a cause of action for breach of fiduciary duty or negligence accrues on the date the "claimant has knowledge of facts which would put a reasonable person on notice of the nature and extent of an injury and that the injury was caused by the wrongful con-

duct of another." *Jones v. Cox,* 828 P.2d 218, 223–24 (Colo.1992). This standard is objective. "The focus is on a plaintiff's knowledge of facts that would put a reasonable person on notice of the general nature of damage and that the damage was caused by the wrongful conduct of [the defendant]." *Peltz v. Shidler,* 952 P.2d 793, 796 (Colo.App.1997). The plaintiff need only know or have reason to know the facts that underlie or are essential to the cause of action, but need not know the precise legal theory upon which the action may be brought. *Morris v. Geer,* 720 P.2d 994 (Colo.App.1986).

■ Generally, the statute of limitations defense presents a question of fact. But where it is shown that the plaintiff discovered, or reasonably should have discovered, the alleged tortious conduct as of a particular date, the statute of limitations issue may be decided as a matter of law. *Broker House Int'l, Ltd. v. Bendelow,* 952 P.2d 860 (Colo. App.1998).

## II.

■ Here, plaintiff argues that the therapeutic relationship upon which her claims are based continued until January 1999, when plaintiff last had telephone contact with defendant. However, defendant presented evidence in support of his position that the therapeutic relationship ended on October 31, 1996, the date of plaintiff's last paid appointment with him, and asserts that the basis for any lawsuit was manifest more than three years before plaintiff filed this action. We agree with defendant's latter assertion.

It is undisputed that plaintiff filed her lawsuit on March 27, 2000, a date which is more than three years after her last paid appointment with defendant, but less than two years after their last telephone conversation.

The record reveals that plaintiff acknowledged that defendant made her feel ill at ease by making sexual comments during therapy sessions before the final paid session on October 31, 1996; that she knew at that time the comments were inappropriate in a therapy setting; and that she knew any sexual intimacy with defendant would have been

improper. The record further shows that, on July 6, 1996, plaintiff wrote in her journal that she had fallen in love with defendant and believed that her feelings were reciprocated. In November or December 1996, plaintiff also wrote that the two had a "dual" relationship.

The record further reveals that, after the final paid session, defendant refused to continue to treat plaintiff. However, he continued to consult with her from time to time, encouraging her regarding her life choices and her continuing education in counseling. Defendant characterized this aspect of their relationship as professional and not therapeutic in that his meetings with plaintiff were a few minutes in length, were strictly supportive in nature rather than ameliorative, and were not memorialized by treatment notes in plaintiff's file. According to defendant, plaintiff came to his office in the moments between his sessions with clients, reported her progress, and left.

Plaintiff relies on the fact that, in a March 28, 1997, telephone conversation, she and defendant discussed defendant's sexual comments during therapy, and defendant invoked a moratorium that forbids romantic relationships with former clients for two years after the end of a therapeutic relationship. The record suggests that, in seeming compliance with this two-year rule, plaintiff contacted defendant very close to the two-year anniversary of their last appointment to discover whether the nature of their relationship would be collegial or romantic from that point forward. During this period, after the last therapeutic session, plaintiff did not cease to be aware of the disconcert that defendant had caused her during the therapy sessions. *See Cassidy v. Smith,* 817 P.2d 555 (Colo.App.1991)(plaintiff, aware of wrongful acts such that statute of limitations began to run); *see also Ayon v. Gourley,* 47 F.Supp.2d 1246 (D.Colo.1998)(plaintiff aware of injury while abuse was occurring such that statute of limitations began to run).

While the record does not conclusively establish the exact date when plaintiff should have been on notice of the alleged negligence and breach of fiduciary duty by defendant, it established with certainty that she could

have known at or about the time of the final paid session on October 31, 1996, when she says she was ill at ease concerning comments containing sexual content. Thus, the record reflects no genuine dispute that she knew or should have known that she had been injured before March 27, 1997.

Therefore, we conclude that the statute of limitations for plaintiff's claims of breach of fiduciary duty, negligence, and outrageous conduct had expired before plaintiff filed this action on March 27, 2000. Accordingly, the trial court did not err in granting defendant's motion for summary judgment and dismissing plaintiff's claims.

The judgment is affirmed.

Judge DAVIDSON and Judge KAPELKE concur.