Opinion by JUDGE ASHBY
¶ 1 Plaintiff, Prospect Development Company, Inc. (Prospect), appeals the district court's dismissal of its claims against its former counsel, defendant, Holland & Knight, LLP (H&K), under C.R.C.P. 12(b)(5). We reverse and remand.
I. Background
¶ 2 Prospect owned and sold undeveloped lots near Crested Butte, Colorado. It relied on H&K, its counsel, to prepare federally mandated property reports for prospective buyers of the lots. These property reports stated that Prospect was responsible for the costs of constructing roads, sewage systems, and other infrastructure for the lots. They also stated that individual lot purchasers would not be responsible for these costs. The property reports neglected to disclose that the special district in which the lots were located would purchase the infrastructure from Prospect using property tax revenue collected from the lots, effectively passing the cost of the infrastructure on to the lot owners.
¶ 3 In 2010, several lot owners who had purchased lots from Prospect complained that they were not notified before they purchased their lots that they would ultimately pay for the cost of the infrastructure through property taxes. According to Prospect, when it told H&K about the lot owners' complaints, H&K assured Prospect that the property reports complied with the applicable law. Nevertheless, Prospect entered into a tolling agreement with the lot owners in 2010, agreeing to stay the running of any limitations period applicable to any claims that the lot owners might have against Prospect.
¶ 4 In 2011, H&K withdrew from representing Prospect. In 2013, the lot owners filed suit against Prospect based on its failure to disclose that the cost of the infrastructure would eventually be borne by the lot owners through property taxes. Prospect settled with the lot owners in 2015.
¶ 5 Also in 2015, Prospect entered into a tolling agreement with H&K agreeing to toll any claims that Prospect might have against H&K. Prospect sued H&K in October 2016, alleging that H&K was professionally negligent and breached its fiduciary duty by (1) failing to disclose in the property reports that the cost of the infrastructure would be passed on to the lot owners; (2) incorrectly advising Prospect that the property reports were legally sufficient; and (3) failing to correct this erroneous advice before withdrawing from representing Prospect.
¶ 6 H&K did not answer the complaint. Instead, H&K moved to dismiss the complaint under C.R.C.P. 12(b)(5), arguing that Prospect's claims were barred by the statutes of limitations applicable to each claim. H&K argued that Prospect's claims accrued in 2011 at the latest, and therefore the two-year *149 statute of limitations for negligence and three-year statute of limitations for breach of fiduciary duty expired before the tolling agreement took effect in 2015. H&K also attached to its motion several exhibits from the underlying litigation between the lot owners and Prospect to support its assertion that Prospect's claims accrued in 2011. Prospect opposed H&K's motion to dismiss and argued in its response that the trial court should disregard the exhibits attached to H&K's motion. Alternatively, Prospect argued that if the court considered the exhibits, it should convert H&K's motion to one for summary judgment and allow Prospect to present its own evidence.
¶ 7 The district court granted the motion to dismiss, ruling that Prospect's claims were time barred. In doing so, the court denied Prospect's request to convert H&K's motion into one for summary judgment and also considered two of the exhibits attached to H&K's motion.
¶ 8 Prospect appeals.
II. Dismissal was Error
¶ 9 Prospect argues that the district court erred by considering matters outside the complaint in granting H&K's C.R.C.P. 12(b)(5) motion to dismiss. H&K responds that any matters outside the complaint that the district court considered were properly the subject of judicial notice, and were therefore appropriate to consider. We agree with Prospect that the district court erred.
¶ 10 We review a district court's ruling on a motion to dismiss under C.R.C.P. 12(b)(5) de novo. See Walker v. Van Laningham , 148 P.3d 391, 394 (Colo. App. 2006). We apply the same standards as the district court, accepting all of the factual allegations in the complaint as true and viewing those allegations in the light most favorable to the plaintiff. Id.
A. C.R.C.P. 12(b)(5) Motions Asserting an Affirmative Defense
¶ 11 A motion to dismiss under C.R.C.P. 12(b)(5) alleges that dismissal is appropriate because, even if the facts alleged in the complaint are true, the complaint fails to state a claim upon which relief can be granted. C.R.C.P. 12(b)(5). If, when considering such a motion,
matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in C.R.C.P. 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by C.R.C.P. 56.
C.R.C.P. 12(b). Colorado courts have held that documents attached to or referred to in the complaint are not "matters outside the pleading" for purposes of C.R.C.P. 12(b). See, e.g. , Yadon v. Lowry , 126 P.3d 332, 336 (Colo. App. 2005). A document that is referenced in and central to the complaint may therefore be considered by the court when ruling on a C.R.C.P. 12(b)(5) motion. Id.
¶ 12 Opinions in Colorado have also held that courts may take judicial notice of certain material and consider that material when ruling on a C.R.C.P. 12(b)(5) motion. See Walker , 148 P.3d at 398 (citing to numerous cases and identifying the type of material that courts may consider). But H&K has cited no case, and we have found none, where a Colorado appellate court has applied these general principles to a C.R.C.P. 12(b)(5) motion asserting an affirmative defense.
¶ 13 With narrowly tailored exceptions, affirmative defenses must be raised in an answer to a complaint, not in a C.R.C.P. 12(b)(5) motion to dismiss the complaint before an answer is filed. See C.R.C.P. 8(c) (requiring affirmative defenses to be raised in a responsive pleading); C.R.C.P. 12(b) ("Every defense, in law or in fact, to a claim for relief in any pleading ... shall be asserted in the responsive pleading thereto if one is required" except for the defenses listed in C.R.C.P. 12(b)(1)-(6), which do not include affirmative defenses.); Bristol Bay Prods., LLC v. Lampack , 2013 CO 60, ¶ 41, 312 P.3d 1155. "This is so because a plaintiff has no obligation to anticipate an affirmative defense in the complaint and include allegations intended to negate it." Bristol Bay Prods. , ¶ 41.
¶ 14 However, there is an exception to the general rule that an affirmative defense *150 must be raised in an answer. An affirmative defense may be raised in a C.R.C.P. 12(b)(5) motion to dismiss if "the bare allegations of the complaint" reveal that the affirmative defense applies. Campaign Integrity Watchdog, LLC v. All. for a Safe & Indep. Woodmen Hills , 2017 COA 22, ¶ 27, --- P.3d ---- (quoting Wagner v. Grange Ins. Ass'n , 166 P.3d 304, 307 (Colo. App. 2007) ); see Bristol Bay Prods. , ¶¶ 44-45. This exception is consistent with the justification underpinning the general rule because it does not require a plaintiff to anticipate an affirmative defense and plead facts that negate it. Instead, this exception merely permits a plaintiff to "plead itself out of court by alleging (and thus admitting) the ingredients of a defense." Bristol Bay Prods. , ¶ 44 (quoting U.S. Gypsum Co. v. Ind. Gas Co., Inc. , 350 F.3d 623, 626 (7th Cir. 2003) ).
¶ 15 This narrow exception would, however, violate the underpinnings of the general rule if it applied more broadly. For instance, when ruling on a C.R.C.P. 12(b)(5) motion asserting an affirmative defense, the general rule would be violated if courts could look beyond the bare allegations of the complaint, consider material on which the plaintiff has not relied, and base its ruling on judicially noticeable material of the type H&K asks us to permit here. If this were permissible, a plaintiff would be compelled to anticipate both the judicially noticeable material and the affirmative defense it supported, and plead facts to defend against both. Moreover, permitting the use of judicially noticed material under these circumstances would violate the plain language of C.R.C.P. 12(b), which requires that a motion be converted to one for summary judgment so that both sides may present summary judgment evidence if the court considers matters outside the pleading. See C.R.C.P. 12(b) ("If, on a [ C.R.C.P. 12(b)(5) motion], matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment....") (emphasis added); see also Weise v. Casper , 507 F.3d 1260, 1267 (10th Cir. 2007) (citing 5C Charles Alan Wright & Arthur P. Miller, Federal Practice & Procedure § 1366, for the proposition that consideration of an affirmative defense in a Fed. R. Civ. P. 12(b)(6) motion necessitates treating the motion as one for summary judgment under Fed. R. Civ. P. 56 ).
¶ 16 Our supreme court addressed this issue in Bristol Bay Productions . In that case, the trial court took judicial notice of California court records in ruling on a C.R.C.P. 12(b)(5) motion to dismiss based on the affirmative defense of issue preclusion. Bristol Bay Prods. , ¶ 46. To determine whether this was error, the supreme court looked to federal cases interpreting the identical federal rule. Id. at ¶ 44. The supreme court explained that, in federal court, allowing a defendant to raise an affirmative defense in a motion to dismiss was a "narrow exception." Id. at ¶ 45. To fall within this narrow exception, "the applicability of the defense has to be clearly indicated and must appear on the face of the pleading." Id. (quoting 5B Charles Alan Wright & Arthur P. Miller, Federal Practice and Procedure § 1357, at 708-13 (3d ed. 2004) ). Returning to the facts of its case, the supreme court held that, regardless of whether the California court records were generally subject to judicial notice, because they were matters outside the pleading, the trial court was prohibited from considering them when ruling on the motion to dismiss:
[Defendants] contend that the trial court took proper judicial notice of the material from the California action, and [plaintiff] does not appear to dispute this contention. Although a trial court may consider certain court records without converting a motion to dismiss into a motion for summary judgment, its power to do so is not unlimited. Without having to address the specific contours of the judicial notice doctrine, a review of the trial court's order reveals that its consideration of the California court records, which included trial transcripts, as well as its consideration of affidavits from counsel, went beyond what is permissible absent conversion to a summary judgment motion. Because the trial court considered matters outside the pleadings, it was required to convert the motion to dismiss to a motion for summary judgment.
Id. at ¶ 46 (citations omitted).
¶ 17 Although the supreme court found it unnecessary to "address the specific contours *151 of the judicial notice doctrine," id. , we understand its holding in Bristol Bay Productions to be that although it may generally be proper for a court to take judicial notice of undisputed matters outside the pleadings when ruling on a C.R.C.P. 12(b)(5) motion to dismiss, it is improper for a court to do so if the motion to dismiss is based on an affirmative defense. Considering such material in this circumstance requires the court to convert the motion to dismiss into a motion for summary judgment. With this rule in mind, we turn to the circumstances in this case.
B. Considering Some of the Attachments to H&K's Motion was Error
¶ 18 A defense based on the statute of limitations is an affirmative defense. Campaign Integrity Watchdog , ¶ 27. And H&K's C.R.C.P. 12(b)(5) motion argued that dismissal was warranted because Prospect brought its claims outside the applicable statutes of limitations. Therefore, in ruling on H&K's motion, the district court was not allowed to consider matters outside the bare allegations of the complaint. Because the district court did so, it erred.
¶ 19 H&K attached eight exhibits to its motion to dismiss. Each exhibit contained various documents from the underlying litigation between the lot owners and Prospect. The district court explicitly considered two of them, Exhibits A and D, holding that they were "referenced in plaintiff's complaint, but were not attached," and were therefore "part of the bare allegations of the complaint." The record does not support this finding.
¶ 20 Exhibit A was a February 11, 2010, email from a non-H&K attorney in Gunnison, Colorado, to five recipients. The email assessed potential claims the lot owners might bring. Although the complaint stated that the lot owners complained about the property reports and eventually requested that Prospect enter into a tolling agreement in 2010, the complaint did not refer to this email or any communication from the Gunnison attorney.
¶ 21 Exhibit D was a February 3, 2011, letter from a non-H&K attorney in Dallas, Texas, to two H&K attorneys. The letter discussed the possibility of H&K attorneys meeting with the lot owners' counsel to explain why the property reports were proper. Attached to the letter, and included in Exhibit D, was a September 13, 2010, email from the lot owners to four recipients and the tolling agreement between the lot owners and Prospect. The complaint does refer to the two documents attached to the February 3, 2011, letter (the September 13, 2010, email and the tolling agreement). But the complaint does not refer to the letter itself, or any communication from the Dallas attorney to H&K.
¶ 22 In all, the district court considered four documents that H&K attached to its motion. Two of those documents were referred to in the complaint, and were therefore part of the bare allegations of the complaint (the September 13, 2010, email and the tolling agreement). The other two documents (the February 11, 2010, letter and the February 3, 2011, letter) were not referenced in any manner in the complaint and were not relied on by Prospect to support its claims. Therefore, even if these latter two documents were judicially noticeable, it was improper for the district court to consider them when ruling on H&K's C.R.C.P. 12(b)(5) motion to dismiss because these documents were not part of the bare allegations of Prospect's complaint and the motion asserted an affirmative defense. If the district court wished to consider these two documents, it was required to convert H&K's motion to one for summary judgment and allow both parties "reasonable opportunity to present all material made pertinent to such a motion by C.R.C.P. 56." C.R.C.P. 12(b).
¶ 23 Because the district court considered two documents outside the bare allegations of the complaint without converting H&K's motion to one for summary judgment, we conclude that it erred.
C. District Court's Error Requires Reversal
¶ 24 Although the district court erred, we need not reverse if the error was harmless. See C.R.C.P. 61 (courts disregard errors unless they are inconsistent with substantial justice). We conclude that the error was not *152 harmless because the allegations in the complaint plus those in the two documents referred to in the complaint, viewed in the light most favorable to Prospect, established that Prospect's claims were timely.
¶ 25 Prospect was required to bring the professional negligence claim within two years of its accrual, section 13-80-102(1)(a), C.R.S. 2017, and the breach of fiduciary duty claim within three years of its accrual, section 13-80-101(1)(f), C.R.S. 2017. Prospect and H&K agreed to toll any claims Prospect might have against H&K on January 26, 2015. Therefore, Prospect's professional negligence claim was timely if it accrued after January 26, 2013, and Prospect's breach of fiduciary duty claim was timely if it accrued after January 26, 2012.
¶ 26 To determine when a claim accrues, Colorado courts use the discovery rule. See Rantz v. Kaufman , 109 P.3d 132, 136 (Colo. 2005). Under this rule, professional negligence and breach of fiduciary duty claims accrue "on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence." § 13-80-108(1), C.R.S. 2017. For such claims to accrue, the plaintiff must have knowledge of facts that would put a reasonable person on notice that the defendant engaged in wrongful conduct, and that wrongful conduct caused some damages. See Colburn v. Kopit , 59 P.3d 295, 296-97 (Colo. App. 2002). Although the full extent of the injury or damages need not be certain, accrual requires that the plaintiff knows, or reasonably should know, that a claim exists for some amount. See Palisades Nat'l Bank v. Williams , 816 P.2d 961, 963-64 (Colo. App. 1991).
¶ 27 We conclude that, based on the allegations in the complaint, the earliest possible date Prospect's claims could have accrued was March 2013, and its claims were therefore timely. According to the complaint, in 2010 Prospect was aware of the lot owners' contention that the property reports were deficient and had entered into a tolling agreement with the lot owners. The complaint also conceded that, at some point before H&K withdrew as counsel in May 2011, Prospect asked H&K to revise the property reports based on the lot owners' concerns. However, the complaint also alleged the following:
• "H&K held itself out as an expert in the preparation of [property reports], and in the federal and state laws relating to the sale of undeveloped property."
• Throughout its representation of Prospect, H&K advised Prospect that the property reports were not deficient and the lot owners' claims were "erroneous."
• Until Prospect was named as a counterclaim defendant in a related case in March 2013, "Prospect did not believe it would sustain any damage as a result of the content of the Property Reports drafted by H&K."
• Even after being named as a counterclaim defendant in March 2013, "based on H&K's advice and continued insistence that the Property Reports required no revisions, Prospect did not reasonably believe that it would incur any liability as a result of [being a counterclaim defendant in the related case]."
• Throughout the litigation of the related case, which ended in the fall of 2015, "H&K never advised Prospect that any of its advice relating to the Property Reports was wrong. Accordingly, in [that case], Prospect maintained the position that the wording of the Property Reports was both accurate as a matter of fact, and proper under applicable law."
• It was not until "mid-2015" that Prospect first learned that the property reports H&K prepared for a similar development elsewhere in Colorado included information that the lot owners accused Prospect of wrongfully omitting.
¶ 28 Neither the September 13, 2010, email nor the tolling agreement-the two documents attached to H&K's motion to dismiss that were proper for the district court to consider-contain additional material facts.
*153 ¶ 29 Viewed in the light most favorable to Prospect, these facts establish that Prospect reasonably relied on H&K's advice that the property reports were not deficient and the lot owners' claims were meritless at least until H&K withdrew from representing Prospect in May 2011. And because the complaint does not indicate why H&K withdrew, nothing about H&K's withdrawal suggests that Prospect should have then questioned H&K's advice. Consequently, Prospect did not know, and should not have reasonably known, that H&K had engaged in any "wrongful conduct" when H&K withdrew in May 2011. Colburn , 59 P.3d at 296. Prospect's claims had therefore not accrued at that time.
¶ 30 The next event alleged in the complaint that could have triggered accrual of Prospect's claims was Prospect being named as a counterclaim defendant in the related suit in March 2013. But even if that did trigger accrual of Prospect's claims, Prospect timely filed them. Prospect and H&K's tolling agreement took effect on January 26, 2015, which was less than two years after March 2013.
¶ 31 We therefore conclude that the allegations in the complaint and the two documents referred to therein (the September 13, 2010, email and the tolling agreement), taken as true and viewed in the light most favorable to Prospect, established that Prospect's claims were not barred by the relevant statutes of limitations. Because the district court came to the opposite conclusion by erroneously considering additional documents not referred to in the complaint, that error was not harmless and requires reversal.
¶ 32 We note that our holding is limited to the district court's C.R.C.P. 12(b)(5) dismissal order. The record may be further developed and the court may entertain a summary judgment motion, if appropriate.
III. Conclusion
¶ 33 The district court's order granting H&K's C.R.C.P. 12(b)(5) motion to dismiss is reversed and the case is remanded to the district court for further proceedings consistent with this opinion.
JUDGE FURMAN and JUDGE FOX concur.